**Ruby ROBERSON, Plaintiff,**

v.

**CLEAR CHANNEL BROADCASTING, INC., Defendant.**

**No. 00–9056–CIV.**

United States District Court, S.D. Florida.

June 5, 2001.

Laurence C. Huttman, Reid Metzger and Bernardt, West Palm Beach, FL, for Plaintiff.

Thomas H. Loffredo, Eric K. Gabrielle, Holland & Knight LLP, Fort Lauderdale, FL, for Defendant.

### ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY ACTION

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration and Stay Action [DE 9]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Ruby Roberson, a former employee of Defendant Clear Channel Broadcasting, Inc., filed a nine-count complaint for various federal and state claims for employment discrimination based upon hostile environment gender discrimination, disparate treatment gender discrimination, race discrimination and retaliation. Defendant responded to the Complaint by moving to compel arbitration based upon an Arbitration Agreement ("Agreement") signed by Plaintiff when she began her employment with Defendant. See Docket Entry 15. The Agreement states that

Plaintiff and Defendant agree to waive their right to sue, "for any claim or cause of action arising out of or relating to the employee's employment relationship with the Company or the termination thereof." Agreement, p. 1. The text specifically includes as covered claims "any claim for discrimination." *Id.* at p. 2. Plaintiff has not attacked the authenticity of the Agreement. The Agreement states in capital letters that employees are not waiving "substantive rights to recover damages." *Id.* at p. 1 Finally, the Agreement states that "each employee bringing a claim will share the arbitrator's fees and expenses equally with the Company." *Id.* at p. 4. The Agreement also contains a severability clause.

## II. DISCUSSION

■ The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, the FAA does not "require parties to arbitrate when they have not agreed to do so." *Paladino v. Avnet Computer Technologies,* 134 F.3d 1054, 1057 (11th Cir.1998) (quoting *American Express Fin. Advisors, Inc. v. Makarewicz,* 122 F.3d 936, 940 (11th Cir.1997)). In this case, Plaintiff opposes the enforceability of the Agreement, and also argues that Defendant has waived its ability to now claim that arbitration should be compelled.

### A. Enforceability

■ Plaintiff argues that because the Agreement states that Plaintiff must pre pay half of the expenses and fees, the Agreement substantially burdens Plaintiff's rights under the federal and state civil rights acts, in that her ability to maintain a cause of action in arbitration is thwarted by this fee provision. Plaintiff further argues that the fee provision cannot be severed, and taints the entire agreement. Defendant has stipulated that it will pay the entire cost of arbitration, and cites to recent United States Supreme Court case law to support its motion to compel arbitration.

At the outset, the Court notes that on March 21, 2001, the Supreme Court held that the FAA applies to all employment contracts not specifically exempted from the FAA (transportation workers), including statutory claims for discrimination. *Circuit City Stores, Inc. v. Adams,* —— U.S. ——, ——, 121 S.Ct. 1302, 1313, 149 L.Ed.2d 234, —— (2001). Thus, the Agreement in this case validly applies to Plaintiff's claims for discrimination.

The Supreme Court also recently held where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Financial Corp–Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 522, 148 L.Ed.2d 373 (2000). Recognizing this precedent, Plaintiff takes pains to attach exhibits and official letters from the American Arbitration Association establishing that she will be required to pay half of about $7,000 in arbitration costs prior to her case being heard by an arbitration panel. However, even accepted these exhibits and the amount as true, Defendant has stipulated, both in its motion and again in its reply, that "it will pay any and all deposits, fees and expenses imposed by the American Arbitration Association, including the filing fee associated with the demand for arbitration and the services or

hearings conducted." See page 7, note 4 of Defendant's Motion [DE 9]; See p.5, n. 8 of Defendant's Reply [DE 16] (Defendant states that it will not seek reimbursement of those filing fees, though either prevailing party has the ability to seek attorney's fees pursuant to governing law, at the arbitrator's discretion.). Thus, Defendant argues that Plaintiff cannot meet her burden under *Green Tree* "of showing the likelihood of incurring such costs."

■ This Court agrees with Defendant. The Supreme Court cases cited above state that the FAA was intended to promote the "liberal federal policy favoring arbitration agreements." *Green Tree*, 121 S.Ct. at 522, 121 S.Ct. 513. Moreover, the Supreme Court specifically declined to detail how prohibitive the expense of arbitration must be, therefore inviting a case by case analysis of the alleged cost in each instance. *Id.* at 522–23, 121 S.Ct. 513.[1] In this case, while Plaintiff has put forth evidence of the likelihood of incurring prohibitive costs, Defendant has come forward with contrary evidence in the form of a stipulation that Defendant will pay all such costs. Therefore, under *Circuit City* and *Green Tree*,[2] this Court concludes that the

arbitration agreement in this case is enforceable given Defendant's stipulation that it will pay any and all deposits, fees and expenses imposed by the American Arbitration Association.[3]

## B. Waiver

■ Plaintiff argues that Defendant waived its right to invoke the arbitration agreement because it failed to invoke the Agreement during the EEOC proceedings. Plaintiff argues that Defendant's refusal to honor Plaintiff's post-charge pre-suit requests for access to her personnel file, combined with Defendant's failure to request arbitration during the EEOC proceedings leads to a waiver of any right to compel arbitration of this lawsuit. Plaintiff argues that the Agreement itself, in describing "covered claims" states that the Agreement covers "any claim that could be asserted in Court or before an administrative agency," means that the Agreement contemplated invocation of the right to arbitrate during the EEOC proceedings.

This Court disagrees with that conclusion. The quoted language from the Agreement merely described covered claims. The Agreement itself, in several

---

1. The Fourth Circuit recently held, after *Green Tree* but prior to *Circuit City*, that the Supreme Court cases indicate that "the appropriate inquiry is one that evaluates whether the arbitral form in a particular case is an adequate and accessible substitute to litigation, i.e., a case-by-case analysis" of the relative costs of arbitration versus litigation is appropriate. *Bradford v. Rockwell Semiconductor Systems, Inc.*, 238 F.3d 549, 556, (4th Cir.2001).

2. This Court recognizes that the cases cited by Plaintiff, including the Eleventh Circuit decision in *Paladino*, cited above, and the Southern District of Florida cases occurring prior to December 2000, are called into question given the Supreme Court's *Green Tree* decision.

3. Plaintiff's argument that Defendant's payment of all fees will bias the arbitration panel's decision is countered by Defendant's submission of a letter from the same American Arbitration Association official cited by Plaintiffs, that the AAA's "National Rules for the Resolution of Employment Disputes" has a confidentiality procedure that payment of the arbitrator's fees and expenses are made by the AAA from monies collected from the parties, and payment arrangements made between the parties are treated as confidential by the AAA. See Exhibit 1 to Defendant's Reply [DE 16].

paragraphs on the first page, clearly applies to "judge" or "jury" trials, or "the right to suit" "in court." See p. 1 of Agreement. It would strain the plain reading of the Agreement to impose a requirement of invocation of arbitration during the EEOC proceedings. The Eleventh Circuit held last year that a party "was under no obligation to make a pre suit demand for arbitration." *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir.2000). While the Brown decision does not discuss whether the actual language of the arbitration agreement in that case mentioned administrative agencies, this Court is convinced that given this general pronouncement of the Eleventh Circuit, the facts of this case do not constitute a waiver of the arbitration agreement.

### III. CONCLUSION

Defendant's motion to compel and to stay action is granted. The Court notes that for purposes of the statute of limitations provision in the Arbitration Agreement, any and all time between the filing of the EEOC claim by Plaintiff and thirty (30) days after the date of entry of this Order shall be tolled for purposes of the statute of limitations on Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Arbitration [DE 9–1] is hereby **GRANTED;**

2. Defendant's Motion to Stay Action [DE 9–2] is hereby **GRANTED;**

3. The Clerk may administratively close this case pending resolution of the arbitration proceeding;

4. Any other pending motions are hereby **DENIED** as moot;