[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16665

_____

D. C. Docket No. 06-01064-CV-BE-W

CONART, INC.,
a Georgia Corporation,

                                                        Plaintiff-Appellant,

versus

HELLMUTH, OBATA + KASSABAUM, INC.,
a Missouri Corporation,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 16, 2007)**

Before CARNES, BARKETT and HILL, Circuit Judges.

CARNES, Circuit Judge:

ConArt, Inc., is a company that did the concrete and stone work on the construction of the Shelby-Hall Interdisciplinary Sciences Building on the University of Alabama campus under a subcontract to the general contractor for a project. Hellmuth, Obata & Kassabaum, Inc. was the architectural firm and supervised construction. As often happens with large construction projects, there were disputes and those disputes led to litigation.

ConArt sued Hellmuth in federal district court. Hellmuth had claims against ConArt that had been assigned to it by another party (the general contractor) in an earlier settlement of their differences. The contract between ConArt and that other party, which gave rise to the claims that Hellmuth had been assigned, contained an arbitration clause. After ConArt sued it, Hellmuth, relying on the arbitration clause, filed a demand for arbitration of the assigned claims. ConArt's direct claims against Hellmuth, which were the basis of its lawsuit, were not subject to an arbitration agreement.

ConArt responded to Hellmuth's arbitration demand by amending its complaint to include a count seeking a declaratory judgment that the claims Hellmuth was asserting against it were not arbitrable, and seeking an injunction to prevent the arbitration proceedings Hellmuth had demanded. ConArt contended that the claims against it that Hellmuth had been assigned were not covered by the

arbitration clause, while Hellmuth contended that they were. The arbitration clause itself provided that the court would decide whether claims were arbitrable. The district court did so, concluding that the assigned claims Hellmuth had against ConArt were arbitrable. It declined to enter a declaratory judgment to the contrary and denied ConArt's request for an injunction against arbitration of those claims.

That ruling left the original claims that ConArt had asserted against Hellmuth pending before the district court. In spite of that, ConArt filed an appeal of the district court's order declining to declare the claims Hellmuth was asserting against it non-arbitrable and refusing to enjoin them. The first, and as it turns out last, issue before us is whether we have jurisdiction to decide this appeal. The order ConArt is seeking to have reviewed is not a final order within the meaning of 28 U.S.C. § 1291, because the claims ConArt brought against Hellmuth are still pending in the district court.

The appealability of interlocutory orders disposing of arbitration issues is governed by 9 U.S.C. § 16. That section specifically provides that: "Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—refusing to enjoin an arbitration that is subject to this title." 9 U.S.C. § 16(b)(4). The district court's order is one refusing to enjoin an arbitration that is subject to Title 9, which is the Federal Arbitration Act. This is

3

not a § 1292(b) proceeding in which permission to appeal has been sought and obtained in the district court and this court. So, the plain terms of § 16(b) fit this situation snugly; there is no wiggle room.

ConArt argues that 28 U.S.C. § 1292(a)(1), which authorizes interlocutory appeals generally of orders "refusing . . . injunctions" gives us jurisdiction over this appeal. That argument has too much throw weight. Accepting it would write out FAA § 16(b)(4)'s clear command, because all orders "refusing to enjoin an arbitration" are orders "refusing . . . injunctions." We don't have the authority to excise specific statutory provisions in favor of more general ones.

Instead, when presented with a potential overlap between the broadly sweeping terms of a statute of general application that appears to apply to an entire class, and the narrow but specific terms of a statute that applies to only a subgroup of that class, we avoid conflict between the two by reading the specific as an exception to the general. See Edmond v. United States, 520 U.S. 651, 657, 117 S. Ct. 1573, 1578 (1997); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); Balfour Beatty Bah., Ltd. v. Bush, 170 F.3d 1048, 1050 (11th Cir. 1999). 28 U.S.C. § 1292(a)(1) and 9 U.S.C. § 16(b) can peacefully co-exist if we read the former as not applying to situations specifically described in the latter.

Subsection 1292(a) of Title 28 preceded the Judicial Improvements and

4

Access to Justice Act, which amended the Federal Arbitration Act to include the provision governing appellate jurisdiction of arbitration orders that is now contained in 9 U.S.C. § 16(b). See Pub. L. No. 248-655, 63 Stat. 954 (codified as amended at 28 U.S.C. § 1292(a) (1951)); Pub. L. No. 100-702, § 1019, 102 Stat. 4642 (codified as amended at 9 U.S.C. § 16(b) (1988)). Therefore, our reading of them is also consistent with the canon that where two statutory provisions would otherwise conflict, the earlier enacted one yields to the later one to the extent necessary to prevent the conflict. See Tug Allie-B, Inc. v. United States, 273 F.3d 936, 948 (11th Cir. 2001); ICC v. S. Ry. Co., 543 F.2d 534, 539 (5th Cir. 1976).[1]

Our reading of the two jurisdictional provisions does not run afoul of this Court's holdings in American Express Financial Advisors, Inc. v. Makarewicz, 122 F.3d 936 (11th Cir. 1997), or Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 312 F.3d 1349 (11th Cir. 2002). The Makarewicz case is distinguishable because the order we reviewed in that case denied a motion for injunctive relief that was specifically limited to the non-arbitrable claims in the case. 122 F.3d at 938. Because it did not refuse to enjoin an arbitration, that order did not fall within the prohibition on interlocutory appeal

---

[1]All decisions from the Fifth Circuit rendered before October 1, 1981 are binding precedent on the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

contained in § 16(b)(4). Id. at 939. Nor did it fall within the prohibitions in the other parts of that subsection of the FAA. Id. The Brandon decision allowed an interlocutory appeal from an order of the district court dissolving a state court injunction. 312 F.3d at 1356. Because an order dissolving another court's injunction does not fall within § 16(b), the Brandon decision cannot be precedent for the proposition that we have interlocutory appellate jurisdiction over an order that does.

We are mindful of ConArt's insistence that even if the order refusing to enjoin an arbitration cannot be reviewed interlocutorily because of § 16(b)(4), it ought to be treated as a final order under the Cohen collateral order doctrine. One of the requirements of that doctrine is that the order "be effectively unreviewable on appeal from a final judgment." Will v. Hallock, 546 U.S. 345, 349, 126 S. Ct. 952, 957 (2006) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 688 (1993)). An order refusing to enjoin an arbitration can be reviewed after final judgment is entered in the case following the conclusion of arbitration. ConArt argues that what it wants to do is avoid arbitration, and the order denying it the ability to do that will not be reviewable after argument is completed. The Supreme Court has held that the "mere avoidance of a trial . . . [is not all] that counts when asking whether an order is

6

'effectively' unreviewable if review is to be left until later." Id. at 353, 126 S. Ct. at 959.  The same is true of arbitration.

Besides, the waste not reasoning in favor of interlocutory review that ConArt urges on us is another argument that is too strong for its purpose.  If we base jurisdiction on the desire to avoid the risk of arbitration proceedings that may later be held to be unnecessary, every order refusing to enjoin arbitration would be reviewable.  Nothing would be left of § 16(b) of the FAA.  Applying the Cohen collateral order doctrine to permit an appeal that § 16(b) specifically prohibits, as ConArt urges, would amount to using a judge-made doctrine to erase an unequivocal congressional command.  That we will not do.

The appeal is DISMISSED for want of appellate jurisdiction.