[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11719
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cv-81692-RAR


RAYMOND JAMES FINANCIAL INC.,

Plaintiff-Appellant,

versus

ADA SERENA CORDOVA ARMIJOS,
AMERICA ALICIA TROYA DE KENNEDY,
ANA CATALINA AYLWIN EQUIGUREN,
ANA C. YANS CONSTANTE,
ANA DEL CARMEN NARVAEZ CHACON, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Appellees are investors who claim to have been harmed by a fraudulent scheme, and in their telling Raymond James Financial Services, Inc., was affiliated with a developer of that scheme. So the appellees brought an arbitration to recover their losses, and added RJFS as a party respondent. RJFS sought, and received, a temporary restraining order that stopped the appellees from prosecuting their claims against RJFS in prosecution. That TRO was purportedly dissolved, and in the same order the district court also denied RJFS's motion for preliminary injunction. Because we may not hear appeals of interlocutory orders refusing to enjoin an arbitration subject to the Federal Arbitration Act, we dismiss for lack of jurisdiction.

## I.

The dispute that gave rise to this appeal is the claim that Frank Chatburn, who had at one time been registered with RJFS, marketed fraudulent financial products to the appellee investors. According to the appellee investors, in so doing, Chatburn held himself out to be associated with "Raymond James," and apparently they believed him to be a "Raymond James' Branch Manager between 2008 and 2012" even though RJFS had terminated him on August 15, 2008. But for our purposes, it isn't important what Chatburn might have said, or what the investors might have thought, or what RJFS might have known. What matters is

2

that the investors filed a Statement of Claim in a FINRA arbitration in August 2018, and added RJFS as a respondent in November 2019.

In December 2019, RJFS filed a complaint for declaratory judgment and injunctive relief in federal court. RJFS sought a declaratory judgment that the investors' claims against RJFS were not arbitrable in FINRA arbitration, and sought preliminary and permanent injunctive relief enjoining the investors from proceeding with the arbitration against RJFS. RJFS also moved for a temporary restraining order, to restrain the investors from prosecuting their claims against RJFS in the arbitration. On January 9, 2020, the district court granted the TRO.

The TRO was extended for good cause on January 24, and then extended twice more, until the motion for preliminary injunction was heard. Finally, the preliminary injunction hearing was held on April 15, and the district court denied the motion for preliminary injunction and dissolved the TRO. On April 27, the district court issued a memorandum opinion explaining its reasoning.

Rather than go gently to arbitration, RJFS filed a notice of appeal from the April 15 ruling. And on July 24, the investors responded by filing a motion to dismiss for lack of appellate jurisdiction under 9 U.S.C. § 16, which strips us of jurisdiction to review interlocutory orders refusing to enjoin arbitration proceedings. In an order issued on October 5, we carried that motion with this case.

## II.

"We have a duty to assure ourselves of our jurisdiction at all times in the appellate process." *Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d

3

1194, 1198 (11th Cir. 2019). We review whether we have appellate jurisdiction de novo. *Id.*

## III.

While we generally have authority to hear interlocutory appeals of orders refusing injunctions under 28 U.S.C. § 1292(a)(1), our jurisdiction in this context is governed by the more specific provisions of the Federal Arbitration Act, 9 U.S.C. § 16. *ConArt, Inc. v. Hellmuth, Obata & Kassabaum, Inc.*, 504 F.3d 1208, 1210 (11th Cir. 2007). The subsections of § 16 relevant to this case are (a)(2) and (b)(4). Section 16(a)(2) provides that an "appeal may be taken from—an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title." Section 16(b)(4), on the other hand, is a prohibition: "[A]n appeal may not be taken from an interlocutory order—refusing to enjoin an arbitration that is subject to this title." This Circuit has previously characterized those provisions of § 16 in broad strokes, noting that § 16(a)(1)–(2) "allows appeals from orders that somehow prevent arbitration from going forward," and that § 16(b) "bars appeals from interlocutory orders that in one way or another allow the arbitration to proceed." *Randolph v. Green Tree Fin. Corp.—Ala.*, 178 F.3d 1149, 1153 (11th Cir. 1999) (internal quotation marks omitted), *overruled in part by Green Tree Fin. Corp.—Ala. v. Randolph*, 531 U.S. 79 (2000).

Neither party seems to dispute that the part of the district court's order denying the preliminary injunction is not appealable at this stage. It is well that they do not, because that sort of interlocutory order falls squarely in § 16(b)(4)'s jurisdictional prohibition as an order "refusing to enjoin an arbitration." As this

Circuit has said in similar circumstances in *ConArt*, "the plain terms of § 16(b) fit this situation snugly; there is no wiggle room."  504 F.3d at 1210.

RJFS instead argues that the part of the district court's order that dissolved the TRO is appealable.  Because "[i]t is well established that as a general rule a temporary restraining order is not appealable," RJFS's first hurdle is to show that the TRO was really an injunction in disguise.  *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).  It's possible that RJFS can do so—"the label attached to an order by the trial court is not decisive," and the lengthy duration of the TRO cuts in favor of finding it to be an injunction.  *Id.* (internal quotation marks omitted).

But even if the TRO here was really an injunction, we have no jurisdiction.  That framing of the TRO would mean that the district court's order eliminated an injunction of an arbitration.  RJFS would have us find that the district court order was therefore "modifying" an injunction under 9 U.S.C. § 16(a)(2).  But that would fly in the face of our previous characterization of § 16(a)(1) and (2) as allowing "appeals from orders that somehow *prevent* arbitration from going forward." *Randolph*, 178 F.3d at 1153 (emphasis added).  And RJFS gives us no case law to demonstrate why a wholesale dissolution of an injunction should be considered a modification, versus its more natural fit as an order "refusing to enjoin an arbitration" under 9 U.S.C. § 16(b)(4).  What is more, interpreting a dissolution of an injunction to fall under § 16(b)(4) would be in line with language our Circuit has used previously when discussing this topic.  *See ConArt*, 504 F.3d at 1211 ("Because an order *dissolving* another court's injunction does not fall within

5

§ 16(b), [finding that we have appellate jurisdiction over that order] cannot be precedent for the proposition that we have interlocutory appellate jurisdiction over an order that does [fall within § 16(b)]." (emphasis added)).

That means we cannot consider whether the district court was right to dissolve the TRO, or whether RJFS should have been given a preliminary injunction. Without jurisdiction, those questions are simply not ours to decide.

## IV.

"As the familiar maxim goes, federal courts are 'courts of limited jurisdiction.'" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In this case, those limits are defined by the Federal Arbitration Act. And because this appeal falls outside those limits, appellees' motion to dismiss is **GRANTED**.