[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13968

Non-Argument Calendar

_____

ALLCO FINANCE LIMITED INC.,
a Florida corporation,

Plaintiff-Appellant,

*versus*

TRINA SOLAR (U.S.) INC,
a Delaware corporation,
TRINA SOLAR LIMITED,
a Cayman Islands company,
JOINT VENTURE,
between Trina Solar (U.S.) Inc.
and Trina Solar Limited,

2                    Opinion of the Court                    23-13968

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-81111-RLR

_____

Before WILSON, BRANCH, and GRANT, CIRCUIT JUDGES.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Allco Finance Limited Inc. appeals from the district court's order granting the appellees' motion to compel arbitration and stay the case. The order also directed the Clerk of Court to close the case for statistical purposes and noted that closure would not affect the merits of any party's claim.

An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action. 9 U.S.C. § 16(b)(1)-(3); *see Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 (11th Cir. 1997) (dismissing for lack of jurisdiction appeal of an order compelling arbitration, staying proceedings, and administratively closing the case); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000) (noting that if the district court had entered a stay, rather than a dismissal, the order would not have been appealable, per § 16(b)(1)). The district court's order here stayed, rather than dismissed, the case and

23-13968            Opinion of the Court                3

expressly contemplated further proceedings.  *Cf. Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (noting that administratively closing a case is not the same as dismissing a case and finding that order compelling arbitration was immediately appealable where it "[n]otably . . . did not stay the proceedings, nor did it contemplate any further action on this case").  We thus lack jurisdiction to consider the order.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.