**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13767

Non-Argument Calendar

_____

BRIAN EVANS,

*Plaintiff-Appellant,*

*versus*

STUBHUB, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 0:25-cv-61708-RS

_____

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

In August 2025, Brian Evans, pro se, filed a complaint against StubHub, Inc. ("StubHub"), asserting various claims related to tick-

ets he purchased from StubHub.  StubHub filed a motion to compel arbitration and stay the proceedings, arguing that Evans was bound by an arbitration clause contained in StubHub's user agreement.

In October 2025, the district court entered an order granting StubHub's motion to compel arbitration and stay the proceedings. It also instructed the parties to file a joint case status report by January 1, 2026, denied all pending motions as moot, and administratively closed the case.  Evans appealed that order.

StubHub filed a motion to dismiss the appeal for lack of jurisdiction, arguing that it was not taken from a final, appealable order.  Evans opposes that motion, arguing that the district court's order did not stay the proceedings, but instead effectively terminated the action by administratively closing the case and denying all pending motions.

We conclude that we lack jurisdiction over Evans's appeal. StubHub's motion to compel arbitration expressly sought to stay the court proceedings, and the district court granted that motion in full and without qualification.  Its order for a status report and its administrative closure, rather than dismissal, of the case are consistent with a stay.  We thus conclude that the district court's ruling is not final or otherwise appealable.  See 9 U.S.C. § 16(b)(1)-(3) (stating that an appeal may not be taken from an interlocutory order compelling arbitration, directing arbitration to proceed, or staying an action pending arbitration); 28 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir.

25-13767                 Opinion of the Court                 3

2000) (providing that, to be appealable, an order must either be final, ending the case on the merits and leaving nothing for the court to do but execute its judgment, or "fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception"); *see also Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 (11th Cir. 1997) (dismissing appeal of order compelling arbitration, staying proceedings, and administratively closing the case).  Moreover, the district court's administrative closure of the case did not render the order final.  *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243–45 (11th Cir. 2014) (explaining that an administrative closure is neither equivalent to a dismissal nor dispositive of finality).

Accordingly, StubHub's motion to dismiss is GRANTED, and this appeal is DISMISSED.  All pending motions are DENIED as moot.