**FLUOR CONSTRUCTORS, INC., Petitioner,**

v.

**Robert B. REICH, Secretary of Labor, U.S. Department of Labor, Respondent.**

No. 95–2827.

United States Court of Appeals, Eleventh Circuit.

April 15, 1997.

James R. Wiley, Tampa, FL, for petitioner.

William J. Stone, Ellen R. Edmond, U.S. Dept. of Labor, Washington, DC, for respondent.

Before EDMONSON and BLACK, Circuit Judges, and HILL, Senior Circuit Judge.

BLACK, Circuit Judge:

This case presents an issue of first impression in this country: does the Supreme Court's pronouncement in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), regarding the collateral nature of fee determinations apply to administrative cases? Because we discern no reason that the Supreme Court's holding would not apply to an appeal from the decision of an administrative agency, we dismiss this case for lack of jurisdiction.

## I. BACKGROUND

This case arises under section 210 of the Energy Reorganization Act of 1974 (ERA) as amended, 42 U.S.C. § 5851, a "whistleblower" protection provision designed to protect employees in the nuclear industry from employer reprisals for reporting potential safety problems. *See generally English v. General Elec. Co.*, 496 U.S. 72, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). The Secretary of Labor has jurisdiction over employee whistleblower complaints under section 210(b) of the ERA. 42 U.S.C. § 5851(b).

Shortly after his termination on December 3, 1987, Douglas A. Tritt, an employee of Fluor Constructors, Inc. (Fluor), filed a complaint with the Department of Labor. The complaint alleged that Fluor discharged Tritt because he raised safety concerns regarding nuclear radiation contamination at the Crystal River Power Plant. An administrative law judge (ALJ) recommended dismissal of the complaint after concluding that Tritt failed to establish a *prima facie* case of unlawful reprisal under the whistleblower statute.

On August 25, 1993, pursuant to 29 C.F.R. § 24.6(b), the Secretary of Labor issued an order reversing the ALJ. The Secretary ruled that Fluor had violated the ERA whistleblower provisions by discharging Tritt for refusing a job assignment he considered unsafe. The order remanded the case to the ALJ for a determination of back pay, benefits, and, if necessary, compensatory damages. Fluor subsequently sought review of the Secretary's order in this court, but we determined jurisdiction was lacking because Fluor was not appealing a final order.

After remand, the ALJ recommended that Tritt receive $3,160 in back pay, but no compensatory damages. On March 16, 1995, the Secretary issued an order upholding the ALJ's decision on damages and remanding for the sole purpose of determining the amount of attorney's fees Fluor owed pursuant to 42 U.S.C. § 5851(b)(2)(B). The ALJ subsequently issued a Supplemental Recommended Decision and Order Approving Attorney's Fees, which the Secretary adopted.

On June 29, 1995, Fluor petitioned this Court for a review of the orders issued by the Secretary. On the afternoon of September 12, 1995, 180 days after the Secretary's March 16 order, the Solicitor's Office at the Department of Labor telephoned Fluor to advise the company that the Secretary was considering filing a motion to dismiss the appeal as untimely. The Department of Labor reasoned that Fluor should have initiated any appeal within the requisite period of time after issuance of the final and appealable March 16 order.

## II. ANALYSIS

A party is required to file a petition for review of a final decision of a Secretary "within the time prescribed by law." Fed. R.App.P. 15(a). The ERA provides that petitions for review in the United States courts of appeals "must be filed within sixty days from the issuance of the Secretary's order." 42 U.S.C. § 5851(c)(1). Courts of appeals are not permitted to enlarge the time prescribed by law for filing a notice of appeal from an order of an administrative agency. *See* Fed.R.App.P. 26(b); *see also Natural Resources Defense Council v. Nuclear Regulatory Comm'n,* 666 F.2d 595, 602 (D.C.Cir. 1981).

In *Budinich v. Becton Dickinson & Co.,* the Supreme Court held that both the imposition and the amount of attorney's fees are always collateral to the merits of an action. 486 U.S. at 201–02, 108 S.Ct. at 1721–22. Noting that a bright line rule would serve litigants and courts best, the Court held that for appealability purposes under 28 U.S.C. § 1291, a decision on the merits is a final decision "whether or not there remains for adjudication a request for attorney's fees attributable to the case." 486 U.S. at 202–03, 108 S.Ct. at 1722. The Court stated that "[a]s a general matter ... we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." 486 U.S. at 200, 108 S.Ct. at 1721.

■ Where an order disposes of a party's substantive claims, but does not dispose of claims relating to attorney's fees, the time for appeal of the substantive claims starts to run from the date of the first order unless the district court grants a delay. *See* Fed. R.Civ.P. 58. Though *Budinich* considered the timeliness of an appeal from a district court judgment rather than a review of a final administrative decision, the Supreme Court's analysis does not allow for the establishment of a different rule for administrative cases. We hold that for the purposes of an appeal from an administrative agency, both the imposition and the amount of attorney's fees are collateral to the merits of an action.

A litigant could escape the strict deadline under the "unique circumstances" doctrine for purposes of granting an appeal. It is true that there are many unique circumstances in this case. The Supreme Court has, however, articulated a strict construction of the "unique circumstances" doctrine, limiting its application to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). Appellant does not meet this standard.

■ The Secretary's final decision on the merits was issued on March 16, 1995. The last day for filing an appeal of this decision was 60 days after its issuance, which was May 15, 1995. *See* 42 U.S.C. § 5851(c)(1); Fed.R.App.P. 15(a). Fluor's petition for review of the Secretary's order on the merits was filed on June 29, 1995.[1]

---

1. Appellant's attorney was perhaps misled by the Secretary's titling of the final decision on the merits as "Decision and Order of Remand." The title of the order following the remand for a determination of attorney's fees, "Final Decision," may have contributed to that confusion. The Secretary may not create jurisdiction, however. The fact that Secretary's final order on the merits was styled as a remand for attorney's fees is not significant for jurisdictional purposes. *See Sullivan v. Finkelstein,* 496 U.S. 617, 628 n. 7, 110 S.Ct. 2658, 2665 n. 7, 110 L.Ed.2d 563 (1990) ("It is true, as respondent maintains, that the District Court did not caption its order as a 'judgment,' much less a 'final judgment.' The label used by the District Court of course cannot control the order's appealability in this case....").

Accordingly, the appeal was untimely, and this Court lacks subject matter jurisdiction.[2]

DISMISSED for lack of jurisdiction.

HILL, Senior Circuit Judge, specially concurring:

Judge Black has analyzed the case thoroughly and the judgment is, in my opinion, the only one available under the present state of controlling precedent. Therefore, I concur.

I add this. In August of 1993, the Secretary issued an order and remanded the case to the Administrative Law Judge to determine amounts to be awarded for back pay, benefits, and compensatory damages.

The employer appealed. The Secretary moved to dismiss the appeal as premature in view of the remand. We agreed and dismissed.

After the ALJ had acted on the remand, awarding damages for back pay, the Secretary upheld the ALJ's order, but remanded for a determination of attorney's fees.

The employer, guarding against the error of prematurity, withheld an appeal until the ALJ had acted on the remand. When this was done, and the Secretary had, finally, ended the proceedings by upholding the ALJ's decision in its entirety, the employer appealed to us.

"Too late!" said the Secretary in the motion to dismiss this appeal. The employer should have appealed regardless of the remand to fix attorney's fees.

We agree, the employer's appeal is to be "dismissed if you do and dismissed if you don't!"

Counsel will, I anticipate, file appeals whenever one might conceivably be available, and let the court sort it all out.

---

**2.** " '[A] jurisdictional ruling may never be made prospective only.' " *Budinich,* 486 U.S. at 202, 108 S.Ct. at 1722 (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)). The failure to anticipate the result was fatal to the merits of the appellant's case in *Budinich.* The same is true here. Appellant is not prejudiced by this extension of the law because a review of the record reveals that the Secretary did not abuse his discretion in adjudicating Tritt's claims. Thus, because there was no reversible error, the appellant would not prevail on its claims even were we permitted to consider the merits of the case.