[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15507

_____

D. C. Docket No. 04-00065-CV-CDL-3

AZEEZ P. ADEDUNTAN, M.D.,

Plaintiff-Counter-
Defendant-Appellant,

VICTORY VASCULAR & GENERAL SURGERY OF GEORGIA,
P.C,

Plaintiff-Appellant,

versus

HOSPITAL AUTHORITY OF CLARKE COUNTY,
d.b.a. Athens Regional Medical Center,
ATHENS REGIONAL MEDICAL CENTER,
ATHENS REGIONAL HEALTH SERVICES, INC.,

Defendants-Counter-
Claimant-Appellees,

ATHENS VASCULAR SURGERY, P.C.,
DAVID M. SAILORS, M.D., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(September 25, 2007)**

Before CARNES, BARKETT and HILL, Circuit Judges.

PER CURIAM:

Dr. Azeez P. Adeduntan appeals the district court's grant of summary judgment to the defendants, Athens Regional Medical Center, Athens Vascular Surgery, P.C., and a number of their individual employees (1) on his ten federal and state law claims, and (2) on Athens Regional's counterclaim for contractual attorney's fees.

The defendants moved to dismiss this appeal for lack of jurisdiction because the court has yet to decide the amount of attorney's fees owed to Athens Regional under the contract between it and Adeduntan, which served as the basis for a counterclaim by Athens Regional against him. According to the defendants (the other defendants have joined the motion to dismiss), because the district court has not resolved the issue of the amount of fees owed by Adeduntan to Athens Regional, which is part and parcel of the merits of the counterclaim, summary judgment for the defendants on the other issues and claims is not a "final decision"

2

that can be appealed under 28 U.S.C. § 1291. Where there is a question as to our appellate jurisdiction, we have an obligation to review it before we turn to the merits of the appeal. See Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1229 (11th Cir. 2007).

Section 1291 provides the general rule that we have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. This is the most common basis for our appellate jurisdiction, and it is the jurisdictional hook relied on by Adeduntan in this appeal. He does not cite any other basis for our jurisdiction, cf. id. § 1292, and we haven't found any that would arguably apply here. Jurisdiction to hear the merits of Adeduntan's appeal therefore hinges on whether the district court's summary judgment for the defendants, reserving the amount of fees owed to Athens Regional as a result of its contract counterclaim, is a "final decision" under § 1291.

"At common law," the rule was that "attorney's fees were regarded as an element of 'costs' awarded to the prevailing party, which are not generally treated as part of the merits judgment." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200, 108 S. Ct. 1717, 1721 (1988) (citation omitted). Since an attorney's fees award was not considered part of the merits of the case, the absence of a fee award from the judgment for the winning party did not render that judgment non-final,

3

precluding an immediate appeal by the losing party under § 1291. See id. at 200–01, 108 S. Ct. at 1721.

However, there is an exception to the common law rule that an attorney's fees award is not part of the merits of the case and does not render the judgment non-final. The exception applies where "the attorney's fees are an integral part of the merits of the case and the scope of relief." Ierna v. Arthur Murray Int'l Inc., 833 F.2d 1472, 1475 (11th Cir. 1987) (citing Holmes v. J. Ray McDermott & Co., 682 F.2d 1143, 1146 (5th Cir. 1982)). In such cases, the attorney's fees "cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment." Id. Thus, in cases where attorney's fees are an integral part of the merits of a claim or counterclaim, the district court's judgment disposing of all other claims does not become final, and we lack appellate jurisdiction, until all the fee issues are decided.

Our case law supports the defendants' position that the attorney's fees due Athens Regional as part of its counterclaim against Adeduntan are an integral part of the merits of this case because they were awarded to Athens Regional based on a contract between it and Adeduntan. In Ierna, where the contract between the parties provided that the "prevailing party in the arbitration shall be awarded, in addition to any other relief granted, all of its costs and expenses of any such

4

arbitration proceeding, including reasonable attorneys' fees," we said:

> When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case. . . . Because the parties provided in their agreement for costs and expenses to be awarded to the prevailing party, the award is integral to the merits. The district court's order, therefore, did not become final and appealable until the court calculated the final award of costs and expenses to appellees as prevailing parties.

833 F.2d at 1476. Likewise, in Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 312 F.3d 1349 (11th Cir. 2002), we reiterated the rule "[i]n this Circuit" that "a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue; and an order that leaves a substantive fees issue pending cannot be 'final.'" Id. at 1355.

In this case, there is no dispute that Athens Regional's counterclaim for attorney's fees was based on a contract between it and Adeduntan. The "Consent and Release" form that he signed in exchange for his appointment to the medical staff at Athens Regional provided: "If . . . I institute action against the Hospital . . . and do not prevail, I agree to reimburse the Hospital . . . for any and all costs incurred in defending such legal action, including reasonable attorney's fees." The district court granted summary judgment to Athens Regional on its counterclaim for fees based on the contract insofar as entitlement is concerned. The court, however, concluded that it could not determine from the record as it then stood the

5

amount of fees due and that a hearing would be necessary for that reason. Adeduntan filed his notice of appeal before the district court held a hearing on the fees issue.

We are aware that the Supreme Court said in Budinich that "[c]ourts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." 486 U.S. at 202–03, 108 S. Ct. at 1722. And we are aware that this Court has said of Budinich that "the Supreme Court held that both the imposition and the amount of attorney's fees are always collateral to the merits of an action." Fluor Constructors, Inc. v. Reich, 111 F.3d 94, 96 (11th Cir. 1997); see also LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998) (stating that Budinich "held that attorney's fees is always a collateral issue"). Adeduntan contends that Budinich and our two opinions characterizing it mean that the exception to the attorney's-fees-as-collateral-issue for fees awarded based on a contract has been undermined.

While we are sympathetic to Adeduntan's position, we as a panel cannot adopt it. Budinich, Fluor, and LaChance were all cases where the attorney's fees were awarded by the courts based on a prevailing party statute, rather than as part

6

of the contract.  Budinich, 486 U.S. at 197, 108 S. Ct. at 1719 (awarded based on Colorado statute which gave fees to prevailing party in any employment compensation case); Fluor, 111 F.3d at 95 (fees requested pursuant to attorney's fees provision in Energy Reorganization Act of 1974); LaChance, 146 F.3d at 833 (ADA case).  The facts of those three cases could not have presented, and did not present, the issue of whether the amount of attorney's fees due to be awarded pursuant to a contract is a substantive issue, which would, if left open, render the judgment non-final for § 1291 purposes.  As a result, those three decisions could not have decided the contract-fees-as-a-merits-decision issue because their facts did not present that issue.

Decisions, even Supreme Court decisions, can make law only to the extent of their facts; all else is dicta.  See Watts v. BellSouth Telecomm., Inc., 316 F.3d 1203, 1207 (11th Cir. 2003) ("Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced."); United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (per curiam) ("The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." (citations and internal quotation marks omitted)).  The only previous cases that have squarely presented the contract-attorney's-fees-final-judgment

issue to this Court were <u>Ierna</u> and <u>MedPartners</u>.  In both of them this Court held that "a request for attorneys' fees pursuant to a contractual clause is considered a substantive fees issue; and an order that leaves a substantive issue pending cannot be 'final.'"  <u>MedPartners</u>, 312 F.3d at 1355 (citing <u>Ierna</u>, 833 F.2d at 1476).

It could be argued that the holding of the <u>Ierna</u> decision was undermined by the sweeping language in the later decision of the Supreme Court in <u>Budinich</u>, even though that case did not squarely present the issue as to contractual attorney's fees. However, in addition to the principle, which we have just discussed, that holdings are limited to the issues actually presented by the particulars of a case, there is also the fact that <u>MedPartners</u>, which reiterated our holding in <u>Ierna</u>, came after <u>Budinich</u>, not before it.  Therefore, <u>MedPartners</u> establishes the law of this circuit on the issue in the post-<u>Budinich</u> era.  For better or for worse, whether wrong or right, <u>MedPartners</u> is binding panel precedent that we must follow until this Court sitting en banc, or the Supreme Court, decides otherwise in a case that presents the contract-attorney's-fees issue.  See <u>United States v. Steele</u>, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).[1]

_____

[1] We are aware that the <u>MedPartners</u> decision did not explicitly address the argument that <u>Budinich</u> undermined the holding of <u>Ierna</u>.  However, we have held a number of times that a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to, or factors not considered by, the prior panel.  <u>See, e.g.,</u> <u>Saxton v. ACF Indus.</u>, 239 F.3d 1209, 1215 (11th Cir. 2001) ("that holding [of the earlier panel] is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first") (citation omitted); <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1302–03 (11th Cir. 2001)

8

Until that happens, this appeal is controlled by MedPartners and Ierna. And under those two decisions Adeduntan's appeal is due to be dismissed as premature. Of course, he may file another one after the district court enters an order determining the amount of fees owed. At that time the district court's judgment will be "final" and appealable under § 1291.[2]

**APPEAL DISMISSED.**[3]

---

(categorically rejecting an "overlooked reason" exception to the prior precedent rule); Turner v. Beneficial Corp., 236 F.3d 643, 650 (11th Cir. 2000) ("Nor is the operation of the rule dependent upon the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered."); Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000) (same); United States v. Bascaro, 742 F.2d 1335, 1343 (11th Cir. 1984) ("[T]he mere act of proffering additional reasons not expressly considered previously . . . will not open the door to reconsideration of the question by a second panel.").

[2] In any future appeal, in order to minimize expenses, the parties may wish to move this Court for permission to rely on the briefs they have already filed, supplemented with any additional briefing related to intervening decision on the attorney's fees issue.

[3] This appeal was originally scheduled for oral argument, but it was removed from the oral argument calendar pursuant to 11th Cir. R. 34-3(f).