[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12119

_____

D.C. Docket No. 4:08-cv-00324-RH-WCS

FLORIDA WILDLIFE FEDERATION, INC.,
FLORIDA PULP & PAPER ASSOCIATION ENVIRONMENTAL AFFAIRS, et al.,

Plaintiffs – Appellees,

FLORIDA ELECTRIC POWER COORDINATING GROUP, INC.,
Environmental Committee,
FLORIDA WATER ENVIRONMENT ASSOCIATION, INC., Utility Council,

Plaintiffs – Appellants,

FLORIDA FARM BUREAU FEDERATION,
THE MOSAIC COMPANY, INC.,

Plaintiff – Intervenor Plaintiff,

GULF RESTORATION NETWORK, INC.,
NATURAL RESOURCES DEFENSE COUNCIL,

Consol. Plaintiffs – Appellants
Cross Appellees,

SOUTH FLORIDA WATER MANAGEMENT DISTRICT,

Intervenor Plaintiff – Appellee

Cross Appellant,

STATE OF FLORIDA,
COMMISSIONER OF AGRICULTURE,

Intervenor Plaintiffs – Cross Appellants,

FWEA UTILITY COUNCIL, et al.,

Intervenor Plaintiffs,

CITY OF PANAMA CITY,
DESTIN WATER USERS, INC.,
SOUTH WALTON UTILITY CO., INC.,
FLORIDA LEAGUE OF CITIES INC.,
EMERALD COAST UTILITIES AUTHORITY,
FLORIDA STORMWARTER ASSOCIATION, INC.,

Intervenor Plaintiffs – Appellants
Cross Appellees,

versus

ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendant – Appellee,

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendant – Cross Defendant –
Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

Before: TJOFLAT, MARCUS, and RIPPLE\*, Circuit Judges.

PER CURIAM:

The EPA's motion to dismiss is GRANTED. This appeal is DISMISSED, with prejudice, for lack of appellate jurisdiction. We lack jurisdiction to review the District Court's summary judgment order validating a majority of the water nutrient standards established by the EPA's rule and setting a deadline for the EPA to publish new rules, or explain its reasons for not doing so, pursuant to the terms of an existing consent decree, because (1) the District Court's order is not a final judgment pursuant to Fed. R. Civ. P. 54(b); (2) the collateral order doctrine does not apply; and (3) the District Court's order is not an immediately appealable injunction under 28 U.S.C. § 1292(a)(1).

## I.

Appellate jurisdiction depends on the existence of a final trial court judgment that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467,

---

\*Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

3

98 S. Ct. 2454, 2457, 57 L. Ed. 2d 351 (1978). Where judgment has been entered

for only some of the multiple claims or parties in a case, the judgment is final and

appealable only if the District Court "expressly determines that there is no just

reason for delay." Fed. R. Civ. P. 54(b).[1]

Where, as here, the District Court has issued an interlocutory order in cases

that have been consolidated, a Rule 54(b) determination is a necessary prerequisite

to appellate jurisdiction of the order if the cases were "consolidated for all

purposes." Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v.

MedPartners, Inc., 312 F.3d 1349, 1356 (11th Cir. 2002) ("Absent certification

pursuant to Fed. R. Civ. P. 54(b), when two cases are consolidated for all purposes,

both cases must be final for either one to be appealed as a 'final judgment.'"). If

the extent of consolidation is unclear, "the cases should be treated as consolidated

for all purposes." Id.

The District Court has issued no final judgment in this case as a whole. In

its summary judgment order, the court remanded part of the case to the EPA for

---

[1] Rule 54(b) states in whole: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

4

further rulemaking. "As a general rule, remand orders from district courts to administrative agencies are not final and appealable." MCI Telecomms. Corp. v. BellSouth Telecomms. Inc., 298 F.3d 1269, 1271 (11th Cir. 2002).

Moreover, the evidence suggests that the cases here were consolidated for all purposes. For example, the consolidation orders did not state that consolidation was only for a limited purpose.[2] In cases where we have held a Rule 54(b) determination was unnecessary, the District Court has made explicit that the cases were consolidated only for a limited purpose. See, e.g., Schippers v. United States, 715 F.3d 879, 884 (11th Cir. 2013) (holding an order dismissing one of several consolidated cases "final and appealable" where the district court explicitly consolidated the cases only "for pre-trial and discovery purposes").

Furthermore, the District Court's summary judgment order demonstrates that it treated the consolidated cases as a unitary whole. The cases are closely related, as they all involve similar challenges to water nutrient standards established by a single EPA rule. The order did not distinguish between the consolidated cases, nor did it specify that it applied to only some of the cases or parties. If the cases had

---

[2] Appellants contend that the cases were consolidated "for case management purposes only," but those words appear only in the motion for consolidation, and not in the consolidation orders.

5

not been fully consolidated, the District Court would have specified the cases to which its order applied and those to which it didn't.

Given that the case below was consolidated for all purposes, and that the District Court did not make a Rule 54(b) determination that there is no reason for delay, the judgment is not final and thus we lack appellate jurisdiction over any part of the consolidated case.

## II.

Under the collateral order doctrine, an interlocutory order is immediately appealable if it (1) is conclusive, (2) resolves "important questions separate from the merits," and (3) is "effectively unreviewable on appeal from the final judgment in the underlying action." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106, 130 S. Ct. 599, 605, 175 L. Ed. 2d 458 (2009). Here, the second prong is not satisfied because the District Court's order, far from being collateral, resolves a majority of the central claims in this case. Thus, it is squarely on the merits.

The third prong is also not met. Although Appellants may suffer some harm from a delayed appeal—e.g., the cost of complying with the EPA's regulations should Appellants later succeed in showing these regulations to be invalid— Appellants' claims will not become "effectively unreviewable" simply because they are not heard at this time. Appellants' objection to the EPA rule will be no less reviewable at a later date, and it is irrelevant that Appellants may bear certain

6

costs of compliance in the meantime. See id. at 107 ("That a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed" to satisfy the third prong of the collateral order doctrine.) (internal quotation marks omitted).

We have, under the collateral order doctrine, permitted immediate appeal from an order remanding a matter to an administrative agency, where the district court orders the agency "to proceed under a certain legal standard." MCI Telecomms., 298 F.3d at 1271 (internal quotation marks omitted). This is because the agency would be effectively unable to later appeal the district court's decision as to the applicable legal standard. Id. This reasoning does not apply where, as here, a district court simply requires an agency to engage in fresh rulemaking based on the evidence, or to explain why new rulemaking was not necessary. Id. (holding that a remand order to an administrative agency is not generally appealable "in situations where a district court remands for further consideration of evidence").

Thus, because its requirements are not satisfied, the collateral order doctrine does not grant us appellate jurisdiction over the District Court's summary judgment order.

III.

7

Under 28 U.S.C. § 1292(a)(1), we have jurisdiction to consider appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." In the context of a district court order pursuant to a preexisting consent decree, we have jurisdiction only if the underlying decree has an injunctive character and the district court rule "changed the underlying decree in a jurisdictionally significant way." Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty., 280 F.3d 1289, 1292 (11th Cir. 2002). In making this determination, we must apply a "functional approach" to determine whether the order "actually changes the legal relationship of the parties to the decree." Id.

Here, the underlying decree directing EPA to issue proposed regulations has an injunctive character. In its summary judgment order, however, the District Court merely established a date by which the EPA must act, pursuant to the consent decree, to release new standards or explain its decision not to do so. The imposition of a deadline, subject to extension under the terms of the consent decree, does not "change the command of the earlier injunction, relax its prohibitions, or release any respondent from its grip." Id. at 1293. Thus, the District Court's order did not change the legal relationship of the parties to the consent decree so as to convert the order into an injunctive order that is immediately appealable under 28 U.S.C. § 1292(a)(1).

8

Therefore, we lack appellate jurisdiction to review the District Court's summary judgment order either as a final judgment, under the collateral order doctrine, or as an injunction under 28 U.S.C. § 1292(a)(1).